This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. A-1-CA-36449**

**ANTHONY A. BANEGAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law offices of Adrianne R. Turner
Adrianne R. Turner
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant has appealed from his conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant has raised a single issue, contending that the district court erred in providing a dictionary definition to the jury. Specifically, in response to the jury's query whether "the slightest impairment impl[ies] even a 1% impairment when driving a motor vehicle[,]" the district court sent back the *Webster's* definition of the word "slight," including the sub-part defining that word as "small in amount or extent; not great or intense [a *slight* fever]." [MIO 1-2]

{3}     Defendant does not contend that the definition supplied to the jury was inaccurate or misleading, in and of itself. Instead, he argues that the provision of that definition improperly focused the jury's attention upon a single word, "slightest," rather than the broader inquiry with which the jury was tasked. [MIO 3-6, 8] However, the jury's inquiry clearly reflects that the jury was already focused on that highly significant term. The judge's response was simply designed to clarify. This was not improper. *See State v. Magby*, 1998-NMSC-042, ¶ 13, 126 N.M. 361, 969 P.2d 965 ("Lay dictionaries may be used to discern the ordinary meaning of words used in jury instructions."), *overruled on other grounds by State v. Mascareñas*, 2000-NMSC-017, ¶ 27, 129 N.M. 230, 4 P.3d 1221; *cf. State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314 (observing that "[w]hen a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy" (internal quotation marks and

citation omitted)). We fail to see how the provision of the definition, as an abstraction, could be said to have "invaded the jury's role of making the ultimate determination of what constituted intoxication." [MIO 6] We therefore reject this contention.

{4}     Defendant asserts that our reliance upon *Magby* is improper, insofar as that case addresses the propriety of appellate courts' reliance upon dictionary definitions, rather than the submission of such definitions to juries. [MIO 7-8] Although we acknowledge the theoretical distinction, we remain of the opinion that *Magby* is instructive. To the extent that the appellate courts may properly rely upon lay dictionaries to clarify the meaning of commonly understood terms found in jury instructions, and *Magby* indicates that they may, it seems logical that the district courts should be granted similar latitude in addressing jury inquiries. Defendant offers no rationale in support of his contention otherwise. [MIO 8]

{5}     Defendant further argues that words which are not specifically defined in the uniform jury instructions may only be defined if an improper jury argument was made. [MIO 6-7] In support of this argument Defendant relies upon the use notes associated with UJI 14-108 NMRA. However, as we previously observed, [CN 2-3] by its own terms UJI 14-108 clearly specifies that juries may request definitions of otherwise undefined words. And although the use notes reflect that UJI 14-108 should be given to correct erroneous or improper jury arguments involving misstatements of the law, neither the use notes nor any other authority of which we are aware precludes

3

the district courts from supplying definitions when they are specifically requested. To the extent that Defendant invites this Court to imply such a limitation, we decline to do so.

{6}    Accordingly, for the reasons previously stated in the notice of proposed summary disposition and above, we affirm.

{7}    **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**DANIEL J. GALLEGOS, Judge**

4